# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

| | |
|---|---|
| **STATE OF TEXAS and TEXAS COMMISSION ON ENVIRONMENAL QUALITY; LUMINANT GENERATION COMPANY LLC, BIG BROWN POWER COMPANY LLC, SANDOW POWER COMPANY LLC, and LUMINANT MINING COMPANY LLC,** | |
| **Petitioners,** | **No. 17-60088** |
| **v.** | |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency,** | |
| **Respondents.** | |
| **STATE OF TEXAS and TEXAS COMMISSION ON ENVIRONMENTAL QUALITY; LUMINANT GENERATION COMPANY LLC and LUMINANT MINING COMPANY LLC,** | |
| **Petitioners,** | **No. 21-60673** |
| **v.** | |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency,** | |
| **Respondents.** | |

## UNOPPOSED JOINT MOTION OF TEXAS PETITIONERS TO CONSOLIDATE CASES AND SUSPEND THE CURRENT BRIEFING DEADLINE

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

- Altman Newman Company, L.P.A. (Counsel for Intervenor)

- Balch & Bingham LLP (Counsel for Luminant Petitioners)

- Barber, Julia B. (Counsel for Luminant Petitioners)

- Big Brown Power Company LLC (Petitioner)

- Cmar, Thomas J. (Counsel for Intervenor)

- Cowles, Shawn, Deputy Attorney General for Civil Litigation, Office of the Attorney General of Texas (Counsel for State of Texas Petitioners)

- Dorfman, Grant, Deputy First Assistant Attorney General of Texas (Counsel for State of Texas Petitioners)

- Earthjustice (Counsel for Intervenor)

- Garland, Merrick B., Attorney General, United States Department of Justice (Counsel for Respondents)

- Gidiere, P. Stephen III (Counsel for Luminant Petitioners)

- Gray, David (Acting Regional Administrator for Respondent United States Environmental Protection Agency)

- Hoffer, Melissa (Acting General Counsel for Respondent United States Environmental Protection Agency)

- Hubenak, Priscilla M., Chief, Environmental Protection Division, Office of the Attorney General of Texas (Counsel for State of Texas Petitioners)

- Hulme, John R., Assistant Attorney General, Office of the Attorney General of Texas (Counsel for State of Texas Petitioners)

- Kelly, Daniel J. (Counsel for Luminant Petitioners and Senior Vice President and Deputy General Counsel for Vistra Corp.)

- Kim, Todd, Assistant Attorney General, Environment and Natural Recourses Division, United States Department of Justice (Counsel for Respondents)

- Leopold, Matthew Z. (Counsel for Respondents)

- Luminant Generation Company LLC (Petitioner)

- Luminant Mining Company LLC (Petitioner)

- Mitchell, David W. (Counsel for Luminant Petitioners and Senior Counsel, Environmental for Vistra Corp.)

- Moore, C. Grady III (Counsel for Luminant Petitioners)

- Moore, Stephanie Zapata (Counsel for Luminant Petitioners and Executive Vice President and General Counsel for Vistra Corp.)

- Office of the Attorney General for the State of Texas (Counsel for State of Texas Petitioners)

- Paxton, Ken, Attorney General of Texas (Counsel for State of Texas Petitioners)

- Perfetto, Lisa K. (Counsel for Intervenor)

- Sandow Power Company LLC (Petitioner)

- Secord, Linda B., Assistant Attorney General, Office of the Attorney General of Texas (Counsel for State of Texas Petitioners)

- Sierra Club (Intervenor)

- Smith, Joshua D. (Counsel for Intervenor)

- State of Texas (Petitioner)

- Texas Commission on Environmental Quality (Petitioner)

- Regan, Michael S., Administrator, United States Environmental Protection Agency (Respondent)

- Rosen, Perry M. (Counsel for Respondents)

- United States Department of Justice (Counsel for Respondents)

- United States Environmental Protection Agency (Respondent)

- Vistra Asset Company LLC (Parent company of Luminant Petitioners)

- Vistra Corp. (Parent company of Luminant Petitioners)

- Vistra Intermediate Company LLC (Parent company of Luminant Petitioners)

- Vistra Operations Company LLC (Parent company of Luminant Petitioners)

- Webster, Brent, First Assistant Attorney General of Texas (Counsel for State of Texas Petitioners)

- Williams, Jean E., Deputy Assistant Attorney General, Environment and Natural Recourses Division, United States Department of Justice (Counsel for Respondents)

Respectfully submitted,

s/ P. Stephen Gidiere III
*Counsel for Luminant Petitioners*

**UNOPPOSED JOINT MOTION OF TEXAS PETITIONERS TO
CONSOLIDATE CASES AND SUSPEND THE CURRENT BRIEFING
DEADLINE**

Pursuant to Federal Rule of Appellate Procedure 27, Texas Petitioners[1] respectfully move this Court to: 1) consolidate Case No. 17-60088 and newly-filed Case No. 21-60673; and 2) suspend the current merits briefing deadline of September 17, 2021, in Case No. 17-60088.

These cases should be consolidated and briefed and decided together because they concern the same U.S. Environmental Protection Agency ("EPA") rulemaking regarding designations for areas in Texas under the 2010 sulfur dioxide ($SO_2$) National Ambient Air Quality Standards ("NAAQS") under the Clean Air Act. The first case was filed in 2017 (Case No. 17-60088), and it challenges EPA's original designation of certain areas in Texas as nonattainment with the $SO_2$ NAAQS. The second case was filed in 2021 (Case No. 21-60673), and it challenges EPA's action on Texas Petitioners' administrative reconsideration requests for those same designations. Case No. 17-60088 has been held in abeyance by the Court, at EPA's request, until EPA completes its reconsideration process, which it has now done through the two actions challenged in Case No. 21-60673. Because the two cases involve the same underlying rulemaking

[1] The petitioners filing this motion are the State of Texas and the Texas Commission on Environmental Quality (collectively, the "State of Texas"); Luminant Generation Company LLC, Big Brown Power Company, Sandow Power Company, and Luminant Mining Company LLC (collectively, "Luminant") (the State of Texas and Luminant are referred to collectively as "Texas Petitioners").

for the same NAAQS designations for these Texas areas, the Court should consolidate them for proceedings in this Court to conserve judicial and party resources and to ensure uniformity of decisionmaking.

Additionally, following consolidation, the Court should suspend the current deadline of September 17, 2021, for Texas Petitioners' opening merits briefs[2] in Case No. 17-60088 and issue a new briefing order after EPA files its supplemental administrative record for its new actions in this rulemaking.

This motion is unopposed. In accordance with Fifth Circuit Rule 27.4, the undersigned counsel has conferred with counsel for the other parties regarding this motion. Counsel for Respondents has stated: "Subject to and without waiving any arguments, including but not limited to any arguments as to lack of jurisdiction and/or venue, Respondents United States Environmental Protection Agency, et al. do not object to consolidating Case Nos. 17-60088 and 21-60673 and suspending the September 10, 2021 briefing deadline so that a common briefing schedule can be

---

[2] This Court issued a briefing order in Case No. 17-60088 on July 2, 2021, prior to the filing of the petitions for review in Case No. 21-60673. Doc. 00515925044. At Texas Petitioners' request, on August 3, 2021, the Court granted a 30-day extension of the briefing deadline to allow for petitions for review of the new Texas actions to be filed, setting a deadline of September 10, 2021. Doc. 00515962724. On August 27, 2021, in anticipation of Hurricane Ida, the Court issued a general order "extend[ing] pending deadlines for pleadings and briefs by 7 days." Order, Gen. Docket No. 2021-7 (5th Cir. Aug. 27, 2021), *available at* https://www.ca5.uscourts.gov/docs/default-source/default-document-library/general-docket-no-2021-70bffa90547c26210bd33ff0000240338.pdf?sfvrsn=b33dcb2d_0 ("General Extension Order").

established, including a date for filing of the administrative record in Case No. 21-60673." Counsel for Respondent-Intervenor has stated: "Subject to and without waiving arguments as to jurisdiction and venue, Sierra Club does not object to consolidating Case Nos. 17-60088 and 21-60673 and suspending the September 10, 2021 briefing deadline so that a common briefing schedule can be established."

## **BACKGROUND**

These cases arise from EPA's designations of certain areas within the State of Texas as "nonattainment" under the 2010 $SO_2$ NAAQS. EPA's nonattainment designations trigger certain regulatory obligations for the State of Texas and, ultimately, Luminant.

In 2010, EPA revised the $SO_2$ NAAQS to 75 parts per billion (ppb), measured as a 1-hour average. 75 Fed. Reg. 35,520 (June 22, 2010). In accordance with the Clean Air Act, Texas submitted recommended designations for all areas in the State to EPA on June 2, 2011, recommending designations of unclassifiable for the areas at issue here based on its assessment of available air quality data.[3] *See* 42 U.S.C. § 7407(d)(1)(A). However, on February 11, 2016, EPA's Regional Administrator provided the Governor of Texas with notice that EPA intended to designate as nonattainment parts of Freestone and Anderson Counties; parts of Rusk, Gregg, and Panola Counties; and

---

[3] Doc. 00513952278 at Att. A. Texas provided updated recommended designations to EPA in 2015 and recommended 11 counties with monitoring data be designated attainment and all other areas in Texas be designated unclassifiable/attainment.

parts of Titus County.[4]  Despite modeling and monitoring data that supported Texas's recommended designations, EPA published its final rule on December 13, 2016, designating these three areas as nonattainment. 81 Fed. Reg. at 89,871.

After EPA issued the Texas Designations, both the State of Texas and Luminant Petitioners filed petitions for review with this Court, which were docketed as Case No. 17-60088.  On March 24, 2017, EPA filed a motion to dismiss the petitions or transfer them to the U.S. Court of Appeals for the D.C. Circuit.  Doc. 00513925836.  In its motion, EPA argued that venue was only proper in the D.C. Circuit pursuant to 42 U.S.C. § 7607(b) because, it contended, the Texas Designations were "nationally applicable" or, alternatively, were "based on a determination of 'nationwide scope or effect.'"  *Id.* at 9-10.

Following briefing and oral argument, the Court denied EPA's motion in an order dated August 25, 2017, without prejudice to reconsideration by the merits panel. *Texas v. EPA*, No. 17-60088, 2017 WL 3700989 (5th Cir. Aug. 25, 2017).  The panel concluded that the Texas Designations were "only 'locally or regionally' applicable" and, further, that it was "not convinced that the [Texas Designations are] based on determinations of nationwide scope or effect."  *Id.* at *4-5.  Following the panel's denial of EPA's motion, the D.C. Circuit transferred other petitions for review involving the

---

[4] Doc. 00513952278 at Att. D; *id.* at Att. E at 149-60, 163-79, 182-200; *see also* 81 Fed. Reg. 89,870, 89,872 (Dec. 13, 2016) ("Texas Designations").

Texas Designations to this Court.    Docs. 00514242669, 00514242712, and 00514242730.

In addition to seeking review in this Court, the State of Texas and Luminant each requested reconsideration and an administrative stay from EPA.  Following the Court's denial of EPA's transfer motion, in a letter dated September 21, 2017, EPA responded favorably to those requests.  *See* Doc. 00514179751 at Ex. 1.  EPA's then-Administrator explained that, based on "the information contained in [Luminant's] petition," EPA intended to "undertake an administrative action with notice and comment to revisit the [Texas] nonattainment designation[s]."  *Id.* at Ex. 1 at 1.  EPA did not grant Texas's and Luminant's requests to immediately stay the effective date of the designations during EPA's reconsideration.  EPA did, however, commit "to provide clarity regarding any potential changes before the state or regulated entity expend resources investing in regulatory obligations that are currently required."  *Id.*

Based on its intention of addressing the requests for reconsideration of the Texas Designations through an additional notice and comment process, EPA moved this Court for an abeyance on October 2, 2017.  *See* Doc. 00514179751.  EPA explained that "the administrative proceedings could obviate the need for judicial resolution of these petitions for review or significantly impact the issues that would be addressed on the merits of such challenges."  *Id.* at 3-4.  Texas Petitioners did not oppose an abeyance of 60 days for EPA to conduct its reconsideration but opposed the open-ended abeyance requested by EPA.  Doc. 00514193114.  On October 12, 2017, this Court

granted EPA's motion for an abeyance, requiring only that EPA file status reports every 90 days.  Doc. 00514194243.

On August 22, 2019, "in response to [Luminant's] petition for reconsideration and administrative stay," EPA proposed an error correction to change the designations of the three Texas nonattainment areas to unclassifiable, as initially recommended by the State.  *See* Doc. 00515995537 at Att. A, Enclosure 1 to Letter from Michael S. Regan, EPA Administrator, to Daniel Jude Kelly, Vistra Energy Corp., at 5 (June 10, 2021) ("Reconsideration Denial Letter"); 84 Fed. Reg. 43,757 (Aug. 22, 2019).  EPA explained that it had erred in its prior nonattainment designations for the three Texas areas and, therefore, proposed to correct its error and designate those areas as unclassifiable.  *See id.*

EPA, however, abruptly changed course on June 24, 2021, when it notified Texas and Luminant that it was denying their petitions for reconsideration and stay and withdrawing the error correction.  Notices of these coordinated actions were published in the Federal Register on June 29, 2021.  86 Fed. Reg. 34,141 (June 29, 2021) ("Reconsideration Denial"); 86 Fed. Reg. 34,187 (June 29, 2021) ("Error Correction").

On June 28, 2021, EPA filed a status report with the Court advising it of EPA's additional actions and proposing that the parties submit motions to govern further proceedings in ninety days.  Doc. 00515915921.  EPA explained that it "recognizes that Petitioners (or other parties) may file petitions for review of one or more of these new actions and, if so challenged, it may be prudent or advisable to consolidate such

challenges with the present action[.]" *Id.* at 5. On July 2, 2021, the Court entered a briefing order, setting a deadline of August 11, 2021, for opening merits briefs. Doc. 00515925044. Texas Petitioners moved the Court for a 30-day extension of the briefing deadline to allow parties to file petitions for review of the new actions and seek consolidation, as appropriate. Doc. 00515961068. This Court granted that motion and established a briefing deadline of September 10, 2021. Doc. 00515962724. In anticipation of Hurricane Ida, the Court issued a general order extending all pending deadlines for briefs by seven days, thereby establishing a new briefing deadline of September 17, 2021. *See* General Extension Order.

On August 25, 2021, the State of Texas and Luminant Petitioners filed petitions for review of EPA's additional actions on the Texas Designations, which the Court docketed as Case No. 21-60673.[5]

## **ARGUMENT**

Texas Petitioners respectfully request that this Court: 1) consolidate Case No. 17-60088 and Case No. 21-60673 because both cases involve the same rulemaking regarding $SO_2$ NAAQS designations for certain areas in Texas; and 2) suspend the current merits briefing deadline in Case No. 17-60088.

---

[5] All petitioners in Case No. 21-60673 are also petitioners in Case No. 17-60088.

I.     **Case No. 17-60088 and Case No. 21-60673 Should Be Consolidated Because They Concern the Same Rulemaking**

EPA's actions challenged in Case Nos. 17-60088 and 21-60673 concern the same EPA rulemaking regarding 2010 $SO_2$ NAAQS designations for the same areas in Texas. Case No. 17-60088 challenges EPA's Texas Designations issued in 2016, while Case No. 21-60673 challenges EPA's actions in response to Texas's and Luminant's petitions for reconsideration and an administrative stay of the Texas Designations. Because these cases relate to the same underlying rulemaking and same subject matter, the Court should consolidate the cases for proceedings in this Court to conserve judicial and party resources and to ensure uniformity of decisionmaking.

Specifically, as EPA explained in its letter denying Texas Petitioners' petitions for reconsideration, "EPA proposed [the] error correction under CAA section 110(k)(6) *in response to* [Luminant's] petition for reconsideration and administrative stay" of the Texas Designations, challenged in Case No. 17-60088. Reconsideration Denial Letter at Enclosure 1 at 5 (emphasis added). Therefore, in reversing course, EPA has now denied the petitions for reconsideration of EPA's Texas Designations and withdrawn the error correction, and these actions are challenged in Case No. 21-60673. In denying reconsideration and withdrawing the error correction, EPA purported to provide further explanation of the basis of the Texas Designations, underscoring the related nature of the actions and the need for consolidated review by the Court.

Consolidation here would be particularly appropriate not only because the cases relate to the same underlying rulemaking, but also because the cases are at the same stage of proceedings, as Case No 17-60088 was held in abeyance prior to any briefing on the merits. *See* Doc. 00514194243. Consolidation would thus allow the cases to move forward in tandem, without duplicative briefing on substantially similar issues. Consolidation will also serve to ensure that the overlapping issues are addressed consistently and by the same panel of this Court.

Further, jurisdiction and venue for both cases are proper in this Court under 42 U.S.C. § 7607(b)(1). The applicability and scope of the Reconsideration Denial and Error Correction are coextensive with that of the Texas Designations, which this Court has already determined should be reviewed in this Court. *See Texas*, 2017 WL 3700989. As with the Texas Designations, the Reconsideration Denial and Error Correction apply to areas only in the State of Texas and in no other state and are based on determinations specific to those areas. The actions at issue here are thus locally or regionally applicable final actions of the EPA Administrator and are not "nationally applicable," nor are they based on a determination of "nationwide scope or effect." 42 U.S.C. § 7607(b).

For these reasons, consolidation is appropriate to allow these cases to be litigated efficiently, conserve the Court's and parties' resources, and ensure uniformity of decisionmaking by this Court.

**II.     This Court Should Suspend the Merits Briefing Deadline in Case No. 17-60088 until EPA Files a Supplemental Administrative Record**

Additionally, this Court should suspend the current deadline of September 17, 2021, for petitioners in Case No. 17-60088 to file their opening merits briefs. Because the two cases involve the same rulemaking, the issues can be briefed under a single consolidated briefing schedule. It would be inefficient for the Court and parties to conduct merits briefing in Case No. 17-60088 starting on September 17, 2021, and then to file additional merits briefs in Case No. 21-60673 after EPA files the supplemental record for its new actions. Thus, the Court should suspend the current deadline of September 17, 2021, and, after EPA files the supplemental record, issue a new briefing order for the consolidated cases setting a deadline for petitioners' opening merits briefs that is 40 days after EPA files the supplemental record. *See* Fed. R. App. P. 31(a)(1).

## <u>CONCLUSION</u>

For these reasons, Texas Petitioners request that this Court 1) consolidate Case No. 17-60088 and newly-filed Case No. 21-60673; and 2) suspend the current merits briefing deadline of September 17, 2021.

Dated: August 31, 2021                Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

PRISCILLA M. HUBENAK
Chief, Environmental Protection Division

s/ Linda B. Secord
LINDA B. SECORD
Assistant Attorney General
Linda.Secord@oag.texas.gov

JOHN R. HULME
Assistant Attorney General
John.Hulme@oag.texas.gov

OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
512-936-1896 (phone)
512-370-9191 (fax)

*Counsel for Petitioners the State of Texas and The
Texas Commission on Environmental Quality*

<u>s/ P. Stephen Gidiere III</u>
P. Stephen Gidiere III
C. Grady Moore III
Julia B. Barber
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

Stephanie Z. Moore
Executive Vice President & General Counsel
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

Daniel J. Kelly
Senior Vice President & Deputy General
Counsel
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

David W. Mitchell
Senior Counsel, Environmental
VISTRA CORP.
6555 Sierra Drive
Irving, Texas 75039

*Counsel for Petitioners Luminant Generation
Company LLC, Big Brown Power Company LLC,
Sandow Power Company LLC, and Luminant
Mining Company LLC*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel states that this motion complies with Fed. R. App. P. 27(d)(2)(A) because it contains 2,369 words, excluding the items allowed to be excluded pursuant to Fed. R. App. P. 32(f), as counted by a word processing system and, therefore, is within the word limit. This motion also complies with typeface requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface in 14-point Garamond font.

Dated: August 31, 2021

s/ P. Stephen Gidiere III
*Counsel for Luminant Petitioners*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 31st day of August, 2021.


s/ P. Stephen Gidiere III
*Counsel for Luminant Petitioners*