# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| STATE OF TEXAS and TEXAS COMMISSION ON ENVIRONMENTAL QUALITY; LUMINANT GENERATION COMPANY LLC, BIG BROWN POWER COMPANY LLC; SANDOW POWER COMPANY LLC; and LUMINANT MINING COMPANY LLC<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency<br><br>Respondents. | No. 17-60088 |
| STATE OF TEXAS and TEXAS COMMISSION ON ENVIRONMENTAL QUALITY; LUMINANT GENERATION COMPANY LLC and LUMINANT MINING COMPANY LLC<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, Administrator, United States Environmental Protection Agency<br><br>Respondents. | No. 21-60673 |

**JOINT MOTION TO ESTABLISH
BRIEFING FORMAT AND SCHEDULE**

Petitioners, State of Texas and Texas Commission on Environmental Quality (collectively "Texas"); Petitioners Luminant Generation Company LLC, Big Brown Power Company LLC, Sandow Power Company LLC, and Luminant Mining Company LLC (collectively "Industry Petitioners"); Respondents, the United States Environmental Protection Agency and its Administrator Michael Regan (collectively "EPA"); and Intervenor Sierra Club ("Intervenor"), jointly move the Court to establish the briefing format and schedule set forth below. In support of this Motion, the parties submit the following:

## BACKGROUND

1. On February 13, 2017, Petitioners filed Petitions for Review in Case No. 17-60088, which challenge an action by EPA entitled: "Air Quality Designations for the 2010 Sulfur Dioxide ($SO_2$) Primary National Ambient Air Quality Standard—Supplement to Round 2 for Four Areas in Texas: Freestone and Anderson Counties, Milam County, Rusk and Panola Counties, and Titus County." 81 Fed. Reg. 89,870 (Dec. 13, 2016) ("the Designations").

2. Also on February 13, 2017, Vistra Energy Corp. and its subsidiaries, Petitioners Luminant Generation Company LLC, Big Brown Power Company LLC, Sandow Power Company LLC, and Luminant Mining Company LLC, submitted to EPA a petition for administrative reconsideration of the Designations. *See* Ex. 1 to EPA's Motion to Hold Proceedings in Abeyance (Doc. 00514179751).

The administrative petition requested that EPA reconsider and immediately stay the effective date of the Designations for the three areas in Texas designated as nonattainment for the 2010 $SO_2$ Primary National Ambient Air Quality Standard ("NAAQS"). On September 21, 2017, then-EPA Administrator Pruitt responded to that administrative petition, explaining that EPA intended to undertake an administrative action with notice and comment to revisit the three nonattainment designations.

3. Based on these developments, EPA asked this Court to hold Case No. 17-60088 in abeyance pending the outcome of EPA's administrative proceedings. The Court issued an order of abeyance on October 12, 2017.

4. Separately, on December 11, 2017, Texas petitioned EPA to reconsider the designations of the three areas designated as nonattainment based, in part, on new information. Ex. 1 to EPA's April 12, 2018 Status Report (Doc. 00514427585).

5. In response to the afore-mentioned petitions for reconsideration, on August 22, 2019, EPA published a Proposed Rule that proposed to revise the designations of the three subject areas from nonattainment to unclassifiable. "Error Correction of the Area Designations for the 2010 1-Hour Sulfur Dioxide ($SO_2$) Primary National Ambient Air Quality Standard (NAAQS) in Freestone and

Anderson Counties, Rusk and Panola Counties, and Titus County in Texas," 84 Fed. Reg. 43,757 ("Proposed Error Correction").

6. After further review and consideration, in June 2021, EPA published notice in the Federal Register that it was denying the petitions for reconsideration ("Reconsideration Denial") and that it was withdrawing its Proposed Error Correction. ("Error Correction Withdrawal"). 86 Fed. Reg. 34,141, 34,187 (June 29, 2021).

7. On August 26, 2021, Texas and Industry Petitioners filed Petitions for Review of EPA's Reconsideration Denial and Error Correction Withdrawal. Those Petitions were consolidated by the Court under Case No. 21-60673. Pursuant to Petitioners' Motion, on September 7, 2021, the Court consolidated Case No. 21-60673 with Case No. 17-60088. The Court also suspended the briefing schedule that had been established in Case No. 17-60088. Doc. 00516004593.

8. Pursuant to Fed. R. App. P. 17(a), EPA is filing the administrative record supporting the Reconsideration Denial and Error Correction Withdrawal on this date, October 4, 2021.

## **PROPOSED BREIFNIG FORMAT AND SCHEDULE**

The parties have conferred as to how to present Petitioners' challenges to the three EPA actions that are the subject of this consolidated action (the Designations, the Reconsideration Denial, and the Error Correction Withdrawal) in a manner that

4

best conserves judicial resources and allows the parties a fair opportunity to adequately address the technical and complex nature of the challenged agency actions. Based on those discussions, the parties propose that the Court issue the following schedule for briefing these consolidated actions:

| DATE | FILING DUE | No. of Words |
|---|---|---|
| Oct. 4, 2021 | Index to the Administrative Record for the Reconsideration Denial and Error Correction Withdrawal | N/A |
| Dec. 15, 2021 | Texas and Industry Petitioners' Joint Brief | 13,000 |
| Feb. 23, 2022 | EPA's brief in response to Petitioners' Joint Opening Brief | 13,000 |
| March 16, 2022 | Intervenor Sierra Club's brief in support of EPA | 7,000 |
| March 30, 2022 | Texas and Industry Petitioners' Joint Reply Brief | 6,500 |

## DISCUSSION

Through this Joint Motion, the parties seek to establish an organized briefing format and schedule that allows for modest but reasonable extensions of the default deadlines for briefs under the Federal Rules of Appellate Procedure and the Rules of this Court. In support of this joint request, the parties submit the following:

1. Petitioners require sufficient time to review and analyze the administrative record supporting the Reconsideration Denial and Error Correction Withdrawal filed on this date. Part of this process involves a review of how this

5

record relates to the previously-filed administrative record supporting the Designations. Given the technical nature of the record and the issues involved, Petitioners' record review may take longer than the period typically allowed to review the record and incorporate a full analysis of the record into Petitioners' opening brief.

2. The complex nature of the three challenged actions also requires additional time for Petitioners to consider and present their arguments in an organized and coherent manner that would be most helpful to the Court's understanding and analysis of the issues.

3. Further, Texas and Industry Petitioners have agreed to work together to file a Joint brief. This requires coordination between and amongst separate Petitioners as well as review and consideration by the management of each Petitioner, including various agencies or offices of the State of Texas.

4. The United States seeks extra time because it will be responding to challenges to separate agency actions based in part on separate administrative records. As noted above, these actions involve complex matters that are technical in nature, involving in this case the agency's approach to and analysis of data and supporting information relating to ambient air quality standards for sulfur dioxide in three areas of Texas.

5. Further, in preparing EPA's brief on the merits, the undersigned counsel must coordinate with, and obtain approvals from, various officials at both EPA and within the United States Department of Justice ("DOJ"), which must be reviewed not only for the arguments contained therein but also for their technical correctness. Based on the underlying facts, multiple administrative records, and complexity of the issues, it would be exceedingly difficult to draft the brief and also obtain the required technical reviews and approvals within the thirty days typically afforded to a respondent to file its brief in response to Petitioners' opening brief.

6. For reasons similar to those outlined above, including the complex and technical nature of the issues and the multiple challenged decisions and records, Intervenor seeks an additional fourteen (14) days (21 days following Respondent's brief) to file its brief.

7. The parties note that no party is requesting an extension in excess of forty (40) days, which is the number of additional days generally permitted by the Court for the filing of a party's brief in a civil action. Local Rules 27 ("General Standards for Ruling on Motions") and 31 ("I.O.P.").

WHEREFORE, the parties jointly request that the Court issue an order establishing the briefing schedule and format set forth in the table above.

Respectfully submitted this 4th day of October, 2021 by:

*/s/ Linda B. Secord*
LINDA B. SECORD
Assistant Attorney General
Linda.Secord@oag.texas.gov
JOHN R. HULME
Assistant Attorney General
John.Hulme@oag.texas.gov
OFFICE OF THE ATTORNEY
GENERAL OF TEXAS
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
512-936-1896 (phone)
512-370-9191 (fax)

*Counsel for Petitioners the State of Texas and The Texas Commission on Environmental Quality*

*/s/ P. Stephen Gidiere III*
P. Stephen Gidiere III
C. Grady Moore III
Julia B. Barber
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

*Counsel for Petitioners Luminant Generation Company LLC, Big Brown Power Company LLC, Sandow Power Company LLC, and Luminant Mining Company LLC*

*/s/ Perry M. Rosen*
PERRY M. ROSEN
U.S. Department of Justice
Environment & Nat'l Res. Div.
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
(202) 353-7792
perry.rosen@usdoj.gov

*Counsel for Respondents*

*/s/ Joshua Smith*
Joshua Smith
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5560 (phone)
joshua.smith@sierraclub.org

Lisa K. Perfetto
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
(212) 845-7388
lperfetto@earthjustice.org

*Counsel for Sierra Club*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITS

I hereby certify that the foregoing Motion complies with Federal Rules of Appellate Procedure 27(d) and 32(g) and the Rules of this Court, in that this document is proportionately spaced using Microsoft Word 2016, has a typeface of Times New Roman 14 point, and contains 1,212 words, exclusive of those parts exempted by Federal Rule of Appellate Procedure 32(f).

Date: October 4 , 2021                    /s/ Perry M. Rosen
                                          PERRY M. ROSEN

                                          *Counsel for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record, who are required to have registered with the Court's CM/ECF system.

Date: October 4, 2021                     /s/ Perry M. Rosen
                                          PERRY M. ROSEN

                                          *Counsel for Respondents*