

August 24, 2023

VIA CM/ECF

The Honorable Lyle W. Cayce
U.S. Court of Appeals, Fifth Circuit
Office of the Clerk
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA  70130-3408

  Re: **New development in *State of Texas v. EPA*, No. 17-60088 (argued July 7, 2022)**

Dear Mr. Cayce:

Per Circuit Rule 28.4, we are bringing to the Panel's attention an additional development impacting this case that relates to Petitioners' March 13, 2023 letter to this Court.

As noted in Petitioners' March 13, 2023 letter, Intervenor-Respondent Sierra Club filed a Clean Air Act complaint in the Northern District of California alleging that EPA is under a mandatory duty to issue a Federal Implementation Plan ("FIP") for Rusk and Panola Counties, Texas, based on the nonattainment designation under review here.  EPA recently provided notice of a proposed consent decree to establish a deadline for EPA to issue a FIP, and Petitioners filed the attached comment letter on the proposed consent decree.

As explained in the comment letter, Intervenor-Respondent Sierra Club's prior assertion to this Court (Doc. 347 at 1) that "Texas's own, verified monitoring data *continues to show* that the Martin Lake power plant is, in fact, causing violations" of the National Ambient Air Quality Standards ("NAAQS") was and is patently incorrect.  Rather, air quality in the areas at issue in this case is well below the level of the 2010 $SO_2$ NAAQS, with a current 2021-2023 design value of 67 parts per billion ("ppb") as compared to the standard of 75 ppb.  The fact that the air quality is currently meeting the NAAQS further underscores the need for vacatur of the nonattainment designation to provide a clean slate for EPA to conduct a lawful designation analysis.

1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203-4642
balch.com

P.O. Box 306
Birmingham, AL 35201

ALABAMA  |  FLORIDA  |  GEORGIA  |  MISSISSIPPI  |  TEXAS  |  WASHINGTON, DC

The Honorable Lyle W. Cayce
August 24, 2023
Page 2

                Respectfully submitted,

                s/ P. Stephen Gidiere III
                P. Stephen Gidiere III
                BALCH & BINGHAM LLP
                1901 6th Ave. N., Ste. 1500
                Birmingham, Alabama 35203
                205-251-8100
                sgidiere@balch.com

*Counsel for Petitioners Luminant Generation Company LLC, Big Brown Power Company LLC, Sandow Power Company LLC, and Luminant Mining Company LLC*

s/ Lanora C. Pettit
Lanora C. Pettit
Principal Deputy Solicitor General
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
512-936-1700
Lanora.Pettit@oag.texas.gov

*Counsel for Petitioners the State of Texas and Texas Commission on Environmental Quality*

The Honorable Lyle W. Cayce
August 24, 2023
Page 3

# CERTIFICATE OF COMPLIANCE

The undersigned counsel states that this document complies with Fed. R. App. P. 28(j) because the body of the letter contains 237 words.


Dated: August 24, 2023

                                               s/ P. Stephen Gidiere III
                                               P. Stephen Gidiere III

                                               *Counsel for Luminant Generation Company LLC, Big Brown Power Company LLC, Sandow Power Company LLC, and Luminant Mining Company LLC*

The Honorable Lyle W. Cayce
August 24, 2023
Page 4

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2023, a copy of the foregoing document was served electronically through the Court's CM/ECF system on all registered counsel.

s/ P. Stephen Gidiere III
P. Stephen Gidiere III

*Counsel for Luminant Generation Company LLC, Big Brown Power Company LLC, Sandow Power Company LLC, and Luminant Mining Company LLC*

Attachment



Lanora C. Pettit  (512) 463-2127
Principal Deputy Solicitor General

August 16, 2023

**Via regulations.gov**

Hali Kerr
Air and Radiation Law Office, Office of General Counsel
U.S. Environmental Protection Agency

    Re:    **Comments on Proposed Consent Decree in *Sierra Club v. EPA*, No. 3:23-cv-00780 (N.D. Cal.), 88 Fed. Reg. 45,416 (July 17, 2023), Docket ID No. EPA-HQ-OGC-2023-0349**

Dear Ms. Kerr:

On behalf of our respective clients, the State of Texas, the Texas Commission on Environmental Quality ("TCEQ"), and Luminant Generation Company LLC ("Luminant"), please accept these comments on the proposed Consent Decree in the above-styled case regarding the implementation of the 2010 $SO_2$ National Ambient Air Quality Standard ("NAAQS") for Rusk and Panola Counties, Texas. The proposed Consent Decree relates solely to Rusk and Panola Counties in Texas, and Luminant is the owner and operator of the Martin Lake power plant, which is located in those counties.

Entry of the proposed Consent Decree is premature, contrary to the Clean Air Act, and unnecessary to protect air quality in Rusk and Panola Counties. The U.S. Environmental Protection Agency ("EPA") and the Department of Justice ("DOJ") should therefore withhold their consent to the proposed Consent Decree, and the District Court should decline to enter it.

The proposed Consent Decree is premature because the threshold issue of whether EPA has any authority at all to issue a Federal Implementation Plan ("FIP") for Rusk and Panola Counties is presently pending before the U.S. Court of Appeals for the Fifth Circuit in *Texas et al. v. EPA*, No. 17-60088 (5th Cir.). In that pending case, Petitioners, which include the State of Texas, TCEQ, and Luminant, contend that EPA's nonattainment designation for Rusk and Panola Counties was unlawful, meaning there is no legal basis for a FIP in the first instance. Merits briefing and oral argument in that case are complete. Were the Fifth Circuit to vacate that

Page 2

designation, as Petitioners have requested, EPA would have no authority, much less any duty, to issue a FIP. Thus, it is completely premature to establish a requirement for EPA to issue a FIP by December 13, 2024.

The proposed Consent Decree is also contrary to the Clean Air Act because, even if the Fifth Circuit were to affirm EPA's nonattainment designation, EPA is not under a mandatory duty to promulgate a FIP for Rusk and Panola Counties. As noted in the proposed Consent Decree, TCEQ promulgated a State Implementation Plan ("SIP") to address the 2010 $SO_2$ NAAQS in Rusk and Panola Counties and submitted the SIP to EPA on February 28, 2022. TCEQ's SIP was deemed complete by operation of law on August 28, 2022, *see* 42 U.S.C. § 7410(k)(1)(B), and EPA is under a statutory obligation to take action on that SIP submission by August 28, 2023. *Id.* § 7410(k)(2). Thus, with the submission of the SIP, EPA is not under a mandatory duty to issue a FIP, but instead has the mandatory duty to act on the SIP.

To this point, the plaintiff in the present case has explained that its California complaint "seeks an order compelling EPA to *either* (1) approve a lawful Texas plan, or (2) implement a federal plan," acknowledging EPA's ability to approve TCEQ's SIP in lieu of issuing a FIP. *See* Sierra Club Response to 28(j) Letter, *Texas et al. v. EPA*, No. 17-60088, Doc. 347 (5th Cir. Mar. 22, 2023) (emphasis added) (Attachment A). Thus, given plaintiff's acknowledgment of EPA's options, its claim in the California case is not a claim to compel EPA to perform a nondiscretionary duty, because EPA need not issue a FIP at all. Instead, plaintiff's claim (and the nature of the proposed Consent Decree) seeks to establish a deadline to address EPA's delay. However, under the statute, the District Court for the Northern District of California does not have the jurisdiction to address such a claim and enter such a Consent Decree. *See* 42 U.S.C. § 7604(a) (last paragraph). Instead, because either action by EPA (*i.e.*, approval of TCEQ's SIP or issuance of a replacement FIP) would be reviewable only in the Fifth Circuit, *id.* § 7607(b), only a District Court within the Fifth Circuit has jurisdiction to compel EPA to take such actions, *id.* § 7604(a) (last paragraph).

Further, the proposed Consent Decree is unnecessary to protect air quality in Rusk and Panola Counties and demonstrate attainment because, under the SIP promulgated by the TCEQ and currently in effect, the air quality in Rusk and Panola Counties is well below the level of the 2010 $SO_2$ NAAQS. As EPA is aware, TCEQ's SIP includes an Agreed Order that contains enforceable $SO_2$ emission limitations for Martin Lake, which became fully effective in July 2022. According to the EPA-approved monitor for the Rusk and Panola Counties nonattainment area,

Page 3

since the SIP became fully effective, there have been no monitor readings above the NAAQS level of 75 parts per billion (ppb). The graph below shows hourly monitoring data from July 2022 to the present as compared to the NAAQS (red line), which was compiled from TCEQ's monitoring data for Continuous Ambient Monitoring Station 1082 (Martin Creek Lake), available at https://www.tceq.texas.gov/cgi-bin/compliance/monops/yearly_summary.pl.



Moreover, the NAAQS three-year design value (DV) for 2021-2023 (which is based on the 99th percentile daily-maximum one-hour value from each year) is presently 67 ppb, well below 75 ppb, even including periods during which the Agreed Order was not in effect. The table below provides the 2021-2023 design value, using the current 99th percentile daily-maximum one-hour value for 2023.

Page 4

| Year | 99th Percentile Daily-Maximum One-Hour Value (ppb) |
|---|---|
| 2021 (No SIP in place) | 81.0 |
| 2022 (SIP fully effective in July) | 77.3 |
| 2023 (SIP fully effective) | 41.4 |
| **2021-2023 DV** | **67** |

The full three-year data set will be available well before the deadline in the proposed Consent Decree for EPA to issue a final FIP, and every indication is that the monitor will continue to show the area in attainment. To date, the first, second, and third highest values for 2023 are 48.6, 43.9, and 41.4 ppb, respectively, and thus even multiple readings above 75 ppb in the remainder of 2023 (which are unlikely) would not cause an exceedance of the NAAQS design value. Therefore, there is (and will be) no basis for EPA to issue a FIP, and the only lawful option for EPA would be to approve TCEQ's SIP, which is achieving attainment.

We appreciate EPA's and DOJ's consideration of these comments. If the agencies intend to move forward with requesting entry of the proposed Consent Decree, notwithstanding these issues, we request that these comments be presented to the District Court along with the agencies' response.

                                        Sincerely,

                                        Lanora C. Pettit
Principal Deputy Solicitor General
OFFICE OF THE TEXAS ATTORNEY GENERAL
P.O. Box 12548 (MC059)
Austin, TX 78711-2548
512-936-1700
Lanora.Pettit@oag.texas.gov

*On Behalf of the State of Texas and the Texas Commission on Environmental Quality*

P. Stephen Gidiere III
BALCH & BINGHAM LLP
1901 6th Ave. N., Ste. 1500
Birmingham, Alabama 35203
205-251-8100
sgidiere@balch.com

*On Behalf of Luminant Generation Company LLC*