

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environmental Defense Section*  *Telephone (202) 353-7792*
*P.O. Box 7611*  *Facsimile (202) 514-8865*
*Washington, DC  20044*

September 15, 2023

Honorable Lyle W. Cayce
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Maestri Place
New Orleans, LA 70130-3408

      Re: EPA's Response to Petitioners' August 24, 2023 Letter Submitted Under Circuit
          Rule 28.4 (Doc. 349), *State of Texas, et al. v. EPA*, Case No. 17-60088

      As explained in EPA's brief (Doc. 0051623620), Petitioners used miscalculations, irrelevant projections, and incomplete data to argue that in 2016 Rusk/Panola Counties were in attainment of the 2010 National Ambient Air Quality Standards ("NAAQS") for sulfur dioxide ($SO_2$) when, in fact, they were in nonattainment.  Essentially admitting that the Counties *were* in nonattainment, Petitioners' August 24, 2023 letter argues that things have changed, now relying on uncertified and incomplete monitoring information to claim the area is finally in attainment.

      In fact, the most recent *valid* design value for Rusk/Panola Counties is for calendar years 2020-2022 and shows $SO_2$ at 81 parts per billion ("ppb"), still violating the 75 ppb NAAQS. https://www.epa.gov/air-trends/air-quality-design-values#repor, table 3A.  Additionally, the monitoring information presented is neither certified (as is required) nor representative of specified time frames, which are designed to appropriately account for factors like seasonal and operational variability.  *See, e.g.*, 40 C.F.R. Part 50, App. T, section 3.(b); 40 C.F.R. §58.15.

      In any event, the only issue before the Court is whether EPA's nonattainment designation for Rusk/Panola Counties, based on the record before EPA in 2016, was arbitrary and capricious or beyond the Agency's authority.  Purported (uncertified and incomplete) evidence of attainment seven years later is irrelevant to the claims in *this* case.  EPA Br. at 29-32, 44-45.

      EPA applauds Petitioners if they have recently taken steps to reduce emissions.  If, in fact, information demonstrated to be representative of Rusk/Panola Counties shows the area is meeting 75 ppb $SO_2$, *and* the actions taken to reduce emissions are both permanent and federally enforceable, among other requirements, they may seek redesignation.  *See* 42 U.S.C. § 7407(d)(3).  Texas' State Implementation Plan submission adopting emission limits and purporting to demonstrate attainment is presently before EPA for review.  Alternatively, Petitioners may seek a Clean Data Determination using information demonstrated to be representative and following applicable requirements for valid design values, which if issued would largely suspend requirements to take additional actions to reduce emissions.  EPA Br. at 6.

Petitioners may not, however, supplement their claims with extra-record information that post-dates EPA's 2016 nonattainment determination at issue in this case.

        Sincerely,

        */s/ Perry M. Rosen*

        Perry M. Rosen
        Counsel for Respondent EPA

CC: All counsel