IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

STATE OF TEXAS and TEXAS
COMMISSION ON ENVIRONMENTAL
QUALITY; LUMINANT GENERATION
COMPANY LLC, BIG BROWN POWER
COMPANY LLC; SANDOW POWER
COMPANY LLC; and LUMINANT MINING
COMPANY LLC

    Petitioners,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY and MICHAEL S.
REGAN, Administrator, United States
Environmental Protection Agency

    Respondents.

No. 17-60088
(Consolidated with 21-60673)

**UNOPPOSED MOTION FOR A 30-DAY EXTENSION TO RESPOND TO LUMINANT PETITIONERS' PETITION FOR REHEARING EN BANC**

Respondents, the United States Environmental Protection Agency and Administrator Michael S. Regan (collectively "EPA"), respectfully move the Court for an Order allowing EPA and all parties a thirty-day extension, until April 15, 2024, in which to file their response(s) to Luminant Petitioners' Petition for Rehearing En Banc (Doc. 366 "En Banc Petition"). Counsel report that Luminant

Petitioners, Petitioners State of Texas and Texas Commission on Environmental Quality, and Intervenor Sierra Club (i.e., all parties) consent to this Motion.

In support of this Motion, Respondent EPA declares the following:

1. On February 23, 2024, the Luminant Petitioners filed their En Banc Petition. On March 5, 2024, the Court wrote to EPA and all parties requesting responses to Luminant's Petition within ten (10) days, by March 15, 2024. Doc. 374.

2. The response to be submitted for Respondent EPA requires a multi-step review and approval process at both EPA and the Department of Justice ("DOJ"). The drafting of EPA's response and the aforementioned review process is anticipated to take significantly longer than ten days.

3. Additionally, the En Banc Petition potentially implicates more than just EPA and its actions. The En Banc Petition states that "it implicates profound separation-of-powers and due process concerns and all manner of agency decision-making," which would apply to all "federal agencies." En Banc Petition at vii. *See also* p. vi (Petitioners' arguments would apply "whenever an administrative agency invokes its 'technical expertise.'"), p. vii (same), p. 11. Accordingly, EPA's response may need to be reviewed by officials at various levels at multiple agencies as well as multiple divisions of DOJ, not merely the Environmental and Natural Resources Division.

4.  A full 30-day extension is further necessary due to scheduling conflicts of the undersigned counsel, who will be drafting the response for EPA. These include, but are not limited to, oral argument in two cases in the D.C. Circuit Court of Appeals on March 21, 2024.  D.C. Case Nos. 22-1271 and 22-1203.

5.  Luminant Petitioners will not be prejudiced by a 30-day extension. Luminant Petitioners asserts no urgency in the Court addressing its En Banc Petition and Petitioners filed their Petition forty-three (43) days following issuance of the Court's opinion, using virtually all of the 45 days it was permitted.  EPA's request for a 30-day extension for parties to respond to the En Banc Petition would provide responding parties with no more time than Luminant Petitioners had to file their Petition, 45 days.

WHEREFORE, Respondent EPA respectfully requests that this Motion be granted and that EPA and any other parties responding to the En Banc Petition be granted up to and including April 15, 2024 in which to file their respective Responses.

Respectfully submitted,

March 8, 2024

OF COUNSEL:

ABI VIJAYAN
MIKE THRIFT
AARON VARGAS

TODD KIM
Assistant Attorney General

/s/ Perry M. Rosen
PERRY M. ROSEN
United States Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section

U.S. Environmental Protection Agency
Office of General Counsel
William Jefferson Clinton Building
1200 Pennsylvania Ave., NW
Mail Code 2344A
Washington, D.C. 20460

P.O. Box 7611
Washington D.C.  20044
202-353-7792
Perry.rosen@usdoj.gov

*Counsel for Respondents*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this Motion complies with the typeface style requirements of Fed. R. App. P. 27(d)(1)(E) because the Motion was prepared in proportionally spaced typeface using Microsoft Word 14-point Times New Roman type, and that this Motion complies with the length requirements of Fed. R. App. P. 27(d)(2), as this Motion contains 442 words.

So certified this 8th day of March, 2024 by

> /s/   *Perry M. Rosen*
> Perry M. Rosen
> Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of said filing to the attorneys of record for Petitioners and all other parties who have registered with the Court's CM/ECF system.

So certified this 8th day of March, 2024 by

> /s/   *Perry M. Rosen*
> Perry M. Rosen
> Counsel for Respondents