

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environmental Defense Section*  *Telephone (202) 353-7792*
*P.O. Box 7611*  *Facsimile (202) 514-8865*
*Washington, DC 20044*

July 13, 2024

<u>Filed via ECF</u>
Honorable Lyle W. Cayce
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130

      Re: *State of Texas, et al. v. EPA, et al.*, No. 17-60088: Response to Petitioners' Rule 28(j) Letter Submitted in Support of Petitioners' Motion for Rehearing En Banc

Dear Mr. Cayce:

      In these Petitions for Review, Petitioners argued that EPA's determination that two Texas counties were in nonattainment with the National Ambient Air Quality Standard for sulfur dioxide was arbitrary and capricious. The Panel scrupulously examined EPA's factual determinations, finding them to be technically sound and well-supported by the record. In their Petition for Rehearing En Banc, Petitioners assert that the Panel purportedly misapplied deference to EPA's technical expertise in considering its factual determinations.

      Petitioners now cite *Loper Bright Enterprises, et al. v. Raimondo*, No. 22-451, where the Supreme Court overturned the holding in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U. S. 837 (1984), that courts should defer to agency interpretations *of ambiguous statutory language* in certain circumstances. The Court held that the Administrative Procedure Act ("APA") and historical judicial practice "specifies that courts, not agencies, will decide '*all* relevant *questions of law*' arising on review of agency action." Op. at 14 (emphasis in original and added). *Loper* does not overturn or modify the myriad decisions of this Court and others that have long applied deference to technically-based *factual* determinations made by expert agencies. Indeed, while Petitioners assert in their Rule 28(j) letter that the Panel "applie[d] a form of heightened deference that is inconsistent with … the APA itself," the Supreme Court in *Loper* said the exact opposite: "Section 706 [the APA] *does* mandate that judicial review of agency policymaking and factfinding be deferential." Op. at 14 (emphasis in original).

      In *Ohio v. EPA*, No. 23A349, the application of deference to agency technical determinations was not a focus of the Supreme Court's decision. The Court nevertheless reiterated that "in reviewing an agency's action under that [arbitrary and capricious] standard, a court may not 'substitute its judgment for that of the agency.'" Op. at 10 (quotation omitted). The Court ultimately faulted EPA merely for failing to adequately explain its rejection of a specific concern raised by the Petitioners. In sharp contrast, here both EPA and the Panel comprehensively addressed Petitioners' comments and explained why the data Petitioners presented did not support a different finding. *See* Doc. 385.

      Respectfully submitted,

*/s/ Perry M. Rosen*
PERRY M. ROSEN
United States Department of Justice
Environment & Natural Resources Div.
Environmental Defense Section
P.O. Box 7611
Washington D.C.  20044

*Counsel for Respondents*